396 So.2d 1219 (1981)
R. E. S., a Child, and H. A. T., Jr., a Child, Appellants,
v.
STATE of Florida, Appellee.
Nos. UU-232, UU-233.
District Court of Appeal of Florida, First District.
April 22, 1981.
Thomas Presnell, Jr., Asst. Public Defender, Tallahassee, for appellants.
Jim Smith, Atty. Gen., and Carolyn Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
The appellants were charged with and convicted of burglary of an automobile. On appeal, they contend that the act of siphoning gasoline from an automobile will not support a charge of or conviction for burglary, which is defined as "entering or remaining *1220 in a structure or a conveyance with the intent to commit an offense therein... ." § 810.02(1), Fla. Stat. We agree and reverse.
The appellants were apprehended as they attempted to siphon gasoline from two (2) cars. They were charged with burglary of a conveyance under § 810.02, Fla. Stat., and petit theft under § 812.014(2)(c), Fla. Stat. After the trial court denied their motions to dismiss the burglary charges, the appellants entered pleas of no contest to the burglary and petit theft charges. They specifically reserved the right to appeal the Order denying their motions to dismiss the burglary charges.
Our research has not revealed the existence of any Florida decision which has held that siphoning gasoline from an automobile constitutes burglary of an automobile. We recognize that there are cases upholding convictions for the burglary of automobiles. However, each of those cases involved the entry into a compartment of a vehicle which can be entered either wholly or partially by a person; e.g., engine and passenger compartments, trunks, etc. Cf. State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979) (where the court affirmed the trial court's dismissal of burglary charge against a defendant who had stolen automobile hubcaps.) A more analogous case is Kirkland v. State, 142 Fla. 73, 194 So. 624, 625 (1940), where the Florida Supreme Court reversed a burglary conviction for siphoning gasoline out of a large gasoline storage tank. The court stated that
The evidence showed that the offense, if any, was committed by drawing a few gallons of gasoline out of a storage tank. The same offense would have been committed if the gasoline had been so drawn out of an automobile gasoline tank.

The most that could have been warranted under the facts would have been a charge and conviction of petit larceny. (emphasis supplied)
We find Kirkland to be controlling in the present case, and therefore we reverse the trial court's Order denying the appellants' motions to dismiss the burglary charges pending against them.
LARRY G. SMITH, J., and OWEN, WILLIAM C., Assoc. Judge (Ret.), concur.