JUNIOR KIRKLAND, HORACE WARD, GEORGE MARTIN, *et al.,* v. State.

194 So. 624
Division A
Opinion Filed February 27, 1940
Rehearing Denied March 28, 1940

*S. M. Preacher,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, and *William F. Fisher, Jr.,* for Defendant in Error.

BUFORD, J.—Plaintiffs in error were convicted under an information charging that,

"Junior Kirkland, Horace Ward, George Martin, R. L. Mason, Jessie Wise, and Onnie Mae Wise, did unlawfully

break and enter a storehouse of another, to-wit: the store house of American Oil Company, a corporation, wherein gasoline was then and there stored consisting of a large tank permanently placed on steel and concrete foundations, said tank having a length of approximately 30 feet and a diameter of approximately ten feet and a capacity of approximately 17,750 gallons, with intent then and there to commit a misdemeanor, to-wit: petit larceny.

### "Second Count

"And your informant aforesaid, upon his oath aforesaid, prosecuting as aforesaid, further information makes that on January 31, 1939, at and in Walton County, Florida, Junior Kirkland, Horace Ward, George Martin, R. L. Mason, Jessie Wise and Onnie Mae Wise did unlawfully break and enter a building of another, to-wit: a building of American Oil Company, a corporation, wherein gasoline was then and there stored, said building consisting of a large tank permanently placed on steel and concrete foundations, said tank having a length of approximately 30 feet and a diameter of approximately ten feet and a capacity of approximately 17,750 gallons, with intent then and there to commit a misdemeanor, to-wit: petit larceny."

The information was evidently intended to charge the offense denounced by Section 5119 R. G. S., 7220 C. G. L.

The evidence showed that the offense, if any, was committed by drawing a few gallons out of a storage tank. The same offense would have been committed if the gasoline had been so drawn out of an automobile tank.

The most that could have been warranted under the facts would have been a charge and conviction of petit larceny.

The judgment is reversed.

So ordered.

Terrell, C. J., and Thomas, J., concur.

Whitfield, P. J., concurs in opinion and judgment.

Justices Brown and Chapman not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.