361 So.2d 215 (1978)
STATE of Florida, Appellant,
v.
David W. DALBY, Appellee.
No. 77-1563.
District Court of Appeal of Florida, Second District.
August 4, 1978.
Robert L. Shevin, Atty. Gen., Tallahassee and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellant.
Robert E. Jagger, Public Defender and Michael C. Cheek, Sp. Asst. Public Defender, Clearwater, for appellee.
*216 RYDER, Judge.
Section 810.02, Florida Statutes (1977) defines burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein ..." This case presents the novel question of whether the State may charge a defendant with burglary of a conveyance when the offense referred to in the statute is the grand larceny of the same conveyance.[1] After long and careful consideration of this question, we have decided that the answer thereto is yes.
On July 21, 1977, the State filed an information in which it is alleged that appellee unlawfully entered a vehicle with intent to commit grand larceny in violation of Section 810.02. Subsequently appellee filed a motion to dismiss in which he alleged that the grand larceny mentioned in the information was grand larceny of the same vehicle which he supposedly burglarized. The State failed to traverse the motion, thereby admitting this allegation.
At the hearing on the motion, appellee argued that the word "therein" in Section 810.02 required that the offense which a person has the intent to commit must be capable of being committed within the vehicle. He also argued that it was impossible to commit the offense of grand larceny of a conveyance from within that conveyance since larceny requires asportation of the entire vehicle. The trial court agreed with appellee and dismissed the information.
We believe the court's ruling was erroneous. While we agree that the word "therein" requires that the offense must be capable of being committed within the vehicle, we also think that a defendant can commit grand larceny of a vehicle in this fashion. The fact that the entire vehicle must move for the larceny to occur is irrelevant. It is not the vehicle which is committing the crime but rather the defendant, and the defendant causes the movement of the vehicle by sitting within the vehicle's passenger compartment and pressing the accelerator.
Appellee contends that even if we cannot accept the trial court's ruling, we should affirm the result contained therein because the legislature did not intend for Section 810.02 to cover the factual situation presented by this case. We reject this argument. In Thayer v. State, 335 So.2d 815, 817 (1976), the supreme court said,
"The law clearly requires that the legislative intent be determined primarily from the language of the statute because a statute is to be taken, construed and applied in the form enacted. Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918); Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960). The reason for this rule is that the Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute."
Here there is no ambiguity in the language of the statute. Burglary occurs when there is entering with intent to commit any offense. Consequently, we must assume that the legislature intended for a person to be guilty of burglary of a conveyance when he enters the conveyance with the intent to steal it.
In view of what we have said, we reversed the order granting the motion to dismiss and remand the case for proceedings consistent with this opinion.
GRIMES, C.J., and SCHEB, J., concur.
NOTES
[1] As far as we are able to discern from our research, no court in this state or in any of our sister states has ever faced this issue.