371 So.2d 1082 (1979)
Terry BRAGG, a/K/a Terry Dee Bragg, Appellant,
v.
STATE of Florida, Appellee.
No. 78-714.
District Court of Appeal of Florida, Fourth District.
June 13, 1979.
*1083 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, and Roger J. Slaydon, Legal Intern, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from the trial court's denial of the appellant's motion to dismiss the charge of burglary of a conveyance under Section 810.02(3), Florida Statutes (1977). Defendant entered a nolo contendere plea and reserved his right to appeal the trial court's ruling. The charge alleges that defendant opened the hood of a 1971 Datsun automobile intending to remove the battery. No charge is made that he entered the passenger compartment.
Appellant argues that it is not burglary, under the plain meaning of Sections 810.02(1) and 810.011(2), Florida Statutes (1977), to "enter" the engine compartment, without "entering" the passenger compartment. We disagree. Section 810.02(1) defines burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein." Section 810.011(2) defines conveyance as "any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car," and further states, "`to enter a conveyance' includes taking apart any portion of the conveyance." There is no limitation in either the statutes or in case law indicating that the entering must be into the passenger compartment. There is no distinction between entering the engine compartment, the passenger compartment, or the trunk as far as its being an "entering" as prohibited by the obvious wording of Sections 810.02(1) and 810.011(2), Florida Statutes (1977). The trial court was correct in denying the motion to dismiss.
AFFIRMED.
ANSTEAD and MOORE, JJ., and GEIGER, DWIGHT L., Associate Judge, concur.