376 So.2d 285 (1979)
STATE of Florida, Appellant,
v.
Michael Joseph HANKINS, Appellee.
No. 79-385/T4-415.
District Court of Appeal of Florida, Fifth District.
October 29, 1979.
Robert Eagan, State's Atty., Orlando, Michael Joseph Barber, Legal Intern, Frank *286 J. Bankowitz, Asst. State's Atty., Orlando, for appellant.
James R. Dressler, Cocoa Beach, for appellee.
McDONALD, PARKER LEE, Associate Judge.
The State appeals from an Order of Dismissal of a count of burglary of a conveyance.
The charge arose as a result of Appellee having been seen removing hubcaps from an automobile. Thus, the question posed is whether or not the simple removal of hubcaps constitutes burglary of a conveyance. The State contends that it does, by virtue of a portion of the definition found in Florida Statute 810.011(2) which reads:
"Conveyance" means any ... road car, ..., and "to enter a conveyance" includes taking apart any portion of the conveyance.
We quote with approval the response to the State's position by counsel for Appellee.
The weakness in the State's argument is its failure to incorporate the definition of entering a conveyance into the remainder of the burglary statute. Burglary is defined in Section 810.02(1), Florida Statutes, as:
... entering or remaining in a structure or conveyance with the intent to commit an offense therein, ... (emphasis supplied).
Thus, essential to a prima facie case of burglary is the allegation of facts in support of defendant's intent to commit an offense within the structure or conveyance.
In State v. Dalby, 361 So.2d 215 (Fla. 2d DCA 1978), the court stated that "... the word `therein' requires that the offense must be capable of being committed within the vehicle ..." Dalby, supra (emphasis supplied). Clearly, the theft of the hubcaps from an automobile wholly fails to establish a prima facie case of intent "to commit an offense therein", within the meaning of Section 810.02(l), Florida Statutes. As the Court stated in Porter v. State, 341 So.2d 1017, 1019 (Fla. 2d DCA 1977) [cert. denied, 352 So.2d 173 (Fla. 1977)]:
"The state must prove intent to commit a felony, and in the absence of other evidence or circumstances bearing on the defendant's intent, the best evidence of that intent is what he did steal. Platt v. State, 291 So.2d 96 (Fla. 2d DCA 1974) (footnote omitted)."
See also Mack v. State, 324 So.2d 642, 643 (Fla. 4th DCA 1976).
The gravamen of the offense of burglary, whether of a conveyance or otherwise, is a nonconsensual entry with the intent to commit an offense within; the purpose of the statute is to punish an invasion of the possessory property rights of another in structures and conveyances. Presley v. State, 61 Fla. 46, 48, 54 So. 367, 368 (1911); Holzapfel v. State, 120 So.2d 195, 197 (Fla. 3rd DCA 1960) [cert. denied, State v. Holzapfel, 125 So.2d 877 (Fla. 1960)]; Vazquez v. State, 350 So.2d 1094 (Fla. 3rd DCA 1977) [cert. denied, State v. Vazquez, 360 So.2d 1250 (Fla. 1978)]. The definition of "entering a conveyance" in Section 810.011(2) does not obviate the necessity for alleging facts in support of an intent to commit an offense therein. Dalby, supra.

The facts of this case are distinguishable from those of Bragg v. State, 371 So.2d 1082 (Fla. 4th DCA 1979). In Bragg the defendant opened the hood of a car and removed a battery. This was properly held to be an entering. In the case at bar there was no entering.
AFFIRMED.
CROSS, C.J., and DAUKSCH, J., concur.