377 So.2d 684 (1979)
Glenwood VON EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 56416.
Supreme Court of Florida.
November 21, 1979.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
BOYD, Justice.
This case is before the Court on appeal from a judgment of the Circuit Court of the Nineteenth Judicial Circuit, in and for St. Lucie County. The court below passed upon the constitutionality of a state law, thus vesting jurisdiction of the appeal in this Court. Art. V, § 3(b)(1), Fla. Const.
The appellant was informed against for the crime of burglary of a conveyance with the intent to commit larceny therein in violation of sections 810.02(1) and 810.011(2), Florida Statutes (1977). It was alleged that he "did unlawfully enter a conveyance, to wit: by taking apart a portion of said conveyance, said conveyance being a motor vehicle ... with the intent to commit an offense therein, to wit: larceny... ." Following the denial of his motion to dismiss, which raised the issue of the constitutionality of the burglary statute, the appellant changed his plea to nolo contendere reserving the right to appeal. He was adjudicated guilty and sentenced.
The appellant contends that the statute is unconstitutionally vague. Section 810.02(1) provides:
"Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to *685 the public or the defendant is licensed to enter or remain.
Section 810.011(2) provides:
"Conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car; and "to enter a conveyance" includes taking apart any portion of the conveyance.
Upon examination of the statutory language, we conclude that it is sufficient to convey a definite warning as to the conduct proscribed, measured by common understanding and practice. Zachary v. State, 269 So.2d 669 (Fla. 1972).
The appellant also contends that the burglary statute is overbroad in that it proscribes and punishes as burglary unlawful conduct that is less culpable than the conduct generally sought to be prevented by the criminal laws against burglary. He argues that the language of section 810.011(2) defining entry of a conveyance to include "taking apart any portion of the conveyance" punishes as burglary conduct which would otherwise be considered larceny. Since the purpose of punishing burglary more severely than larceny is to protect the security of dwellings, buildings, and conveyances, the conduct of one who removes something from the outside of a conveyance without entering should not be treated as burglary. To do so, he contends, denies due process.
The state responds that the word "therein" in section 810.02(1) requires that when the entering of a conveyance is committed, there must be an intent to commit an offense "therein," citing State v. Dalby, 361 So.2d 215 (Fla. 2d DCA 1978). Thus, the legislative intent is that the removal of a portion of the conveyance must be to facilitate the commission of an offense within the conveyance. Thus the statute does not seek to punish as burglary conduct which should be treated as larceny. We agree. Since the appellant plead nolo to an information alleging that he unlawfully entered a conveyance (by taking apart a portion thereof), the property of another, with the intent to commit larceny therein, the statute cannot be said to be overbroad as applied to him. We hold that there is a rational basis for defining entering so as to include taking apart any portion of a conveyance.
The burglary statute is neither vague nor overbroad. The judgment is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, OVERTON, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.