403 So.2d 630 (1981)
STATE of Florida, Appellant,
v.
Ransey R. HARVEY, Appellee.
No. 81-317.
District Court of Appeal of Florida, Second District.
September 18, 1981.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellant.
Robert E. Jagger, Public Defender, and William G. Sestak, Asst. Public Defender, Dade City, for appellee.
HOBSON, Judge.
Appellee was charged by a two-count information with I) attempted burglary of a conveyance pursuant to sections 810.02 and 777.04, Florida Statutes (1979), and II) possession of burglary tools. Appellee filed a Rule 3.190(c)(4) motion to dismiss Count I, attempted burglary of a conveyance. The State did not traverse the factual allegations contained in the motion and the trial court dismissed Court I.
Subsequently, appellee filed another Rule 3.190(c)(4) motion to dismiss Count II, possession of burglary tools, on the ground that the charge would be sustained only where there was evidence that the tools were used to commit or attempt to commit a burglary or trespass. The trial court dismissed Count II and the State appeals both orders. We reverse.
The undisputed facts, as set out in appellee's motion to dismiss, show that appellee was observed underneath a car by a deputy sheriff. The hood had not been opened; the doors and windows were shut and had not been disturbed. The deputy found that the bolts holding the starter in place in the engine compartment had been loosened. Appellee admitted to the deputy that he had attempted to remove what he referred to as the alternator, but which was in fact the starter.
The State argues that these facts constitute an attempted burglary under section 810.02, because appellee had "entered" the conveyance within the meaning of the burglary statute. We agree and reverse on the basis of Bragg v. State, 371 So.2d 1082 (Fla. 4th DCA 1979), which held that opening the hood of the engine compartment intending to remove a battery is burglary. We see no distinction as to whether appellee came from underneath the engine compartment, from the top, or from the side; he is still guilty of attempted burglary. Here, appellee unlawfully entered a conveyance (by attempting to take a portion thereof), the property of another, with the intent to commit larceny therein. See Von Edwards v. State, 377 So.2d 684 (Fla. 1979).
Accordingly we reverse the order granting the motion to dismiss Count I and *631 Count II. The trial court granted the dismissals on the ground that a charge of possession of burglary tools can be sustained only where there is evidence that the tools were used to commit or attempt to commit a burglary. Here, there is such evidence. We remand the case for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
SCHEB, C.J., and CAMPBELL, J., concur.