458 So.2d 858 (1984)
Henry G. GREGER, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1222.
District Court of Appeal of Florida, Third District.
November 13, 1984.
*859 Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Renee E. Ruska, Asst. Atty. Gen., for appellee.
Before HENDRY, DANIEL S. PEARSON and FERGUSON, JJ.
HENDRY, Judge.
The appellant challenges his conviction of burglary pursuant to section 810.02, Florida Statutes (1981), contending on appeal that the trial court erred in denying his motion for judgment of acquittal where the evidence failed to establish that he entered the conveyance (a boat) with the intent to commit the specific offense of theft therein. For the reasons which follow, we affirm.
At 3:00 a.m. on September 19, 1982, appellant was observed walking suspiciously on the outside of a marina, carrying tools and looking underneath the boats which were stored on land. The security guard at the marina saw appellant hop over the fence and enter the marina and stop at one of the boats which was stored on land. The guard saw the appellant, with the use of the tools, attempting to remove the outboard motor or parts of the motor. The security guard went to another part of the marina and telephoned the police. One minute later, the police arrived. The guard brought the officer to the boat where appellant was laboring to remove bolts from the transom of the boat. When the officer ordered the appellant to put his hands up and turn around, he saw that appellant had a pair of channel lock pliers in his right hand and in the other hand, held an openend wrench, whereupon the appellant was placed under arrest. He was charged by a two count information; count one charged him with burglary of a conveyance, a boat, and count two charged him with the offense of second degree grand theft of an outboard motor.
At trial the officer testified that upon his arrival, he observed that the boat's cowling, the fiberglass portion which covers the motor, had been removed. Heavy scratch marks appeared on the shift lever cable, which cable runs inside the boat, from the console to the motor. The officer opined that the scratch marks were caused by a pair of channel lock pliers which were in the appellant's possession. The officer stated that it was necessary to disconnect the cable to remove the outboard motor. The outboard motor was attached to the transom of the boat by four bolts. Three of the bolts were in place when the appellant was apprehended. Two of the bolts had nuts on them and one was missing a nut. The nuts were located on the inside of the boat. The fourth bolt, which was found in the appellant's pocket, fit into the lower left quadrant of the transom. Over objection, the officer further opined that it would have been extremely difficult to remove the bolts without reaching inside of the boat to hold the nut, either with one's hand or with a pair of pliers.
Photographs taken of the boat and the outboard motor were introduced into evidence. The only other evidence presented by the state was testimony of the owner of the boat that he had never taken the motor off the boat nor given anyone permission to remove or touch the outboard motor. At the conclusion of the evidence, the appellant moved for a judgment of acquittal with regard to the burglary charge. When that motion was denied, the defense rested. The jury returned verdicts of guilty as charged on both counts and judgment and sentence were entered accordingly.
*860 Section 810.02, Florida Statutes (1981), defines burglary as "entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." Section 810.011(3), Florida Statutes (1981), defines conveyance as "any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car." Additionally, the statute states that "to enter a conveyance includes taking apart any portion of the conveyance."
By the plain meaning of the burglary statute, the appellant entered the boat when he removed a portion of the boat, to-wit, the cowling and the bolts. Von Edwards v. State, 377 So.2d 684 (Fla. 1979); State v. Harvey, 403 So.2d 630 (Fla. 2d DCA 1981); Bragg v. State, 371 So.2d 1082 (Fla. 4th DCA 1979). We see no distinction between a motor vehicle's engine compartment and the outboard motor bolted to a boat hull for purposes of defining a conveyance within the burglary statute. With regard to the motor vehicle there is a line of cases which makes no distinction for the purposes of the burglary statute between entering the passenger compartment of a conveyance and entering the engine compartment, Bragg v. State, supra, or between entering the engine compartment of a hoodless automobile, Anderson v. State, 415 So.2d 829 (Fla. 3d DCA 1982), and entering from underneath the engine compartment, or from the top or from the side. State v. Harvey, supra. This case is similar to State v. Harvey, supra, wherein the defendant entered from underneath the motor vehicle and began loosening bolts holding the starter. Here the appellant entered the boat when he began loosening bolts from the protruding motor at the stern of the boat. The appellant's intrusion violated the possessory intent of the boat's owner. Anderson v. State, supra.
Appellant argues that even if there was an entry it was without the intent to commit the offense of theft within the boat and that his actions should be treated as only a theft of the motor. This argument rests on the holdings of State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979), and State v. Dalby, 361 So.2d 215 (Fla. 2d DCA 1978), and the proposition that the conveyance (boat) ends and does not include the attached outboard motor. We cannot agree with this restrictive view of defining the boat.
The appellant's actions sub judice were unlike the acts in R.E.S. v. State, 396 So.2d 1219 (Fla. 1st DCA 1981), where the siphoning of gasoline was held to be non-entry or an entry with the intent not to commit an offense therein because a gasoline tank was not a compartment of the vehicle which could be entered either wholly or partially by a person. We find similarly distinguishable the acts in State v. Hankins, supra, where the removal of hubcaps from an automobile was held to be insufficient to establish a prima facie intent "to commit an offense therein" for purposes of the burglary statute.
We agree with the cases relied upon by the appellant which state that the definition of "entering a conveyance" does not obviate the necessity for alleging facts in support of an intent to commit an offense within the conveyance. However, once the conveyance is defined as the entire boat, including its attached engine, the question of appellant's intent to steal was one to be determined by the trier of fact. We find that the jury could reasonably conclude that the appellant entered the conveyance for the purpose of committing theft. State v. Waters, 436 So.2d 66 (Fla. 1983); MacIntosh v. State, 438 So.2d 485 (Fla. 3d DCA 1983). A motion for judgment of acquittal should not be granted unless it is apparent that no legally sufficient evidence has been submitted under which the jury could legally find a verdict of guilty. Garmise v. State, 311 So.2d 747, 749 (Fla. 3d DCA 1975), cert. denied, 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976). Accordingly, the judgment and sentence appealed are affirmed.
Affirmed.