601 So.2d 1195 (1992)
STATE of Florida, Petitioner,
v.
Corey L. STEPHENS, Respondent.
No. 78872.
Supreme Court of Florida.
July 2, 1992.
*1196 Robert A. Butterworth, Atty. Gen., and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, and Daniel J. Schafer and Kenneth Witts, Asst. Public Defenders, Daytona Beach, for respondent.
KOGAN, Justice.
We have for review State v. Stephens, 586 So.2d 1073 (Fla. 5th DCA 1991), which certified the following question of great public importance:
Is burglary of a conveyance proved when the evidence shows that the accused entered the conveyance for the sole purpose of stealing it, rather than committing some other offense therein?
Id. at 1080-81. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Corey Stephens and an accomplice stole an automobile in Daytona Beach, in Volusia County in May 1988. They drove the car into Seminole County, where they were arrested after a high-speed chase. The State charged Stephens, among other things, with burglarizing an automobile within Seminole County by remaining in the vehicle with intent to commit a theft or to flee a police officer. The jury acquitted Stephens of all charges except burglary of a conveyance. However, the trial court ordered a judgment of acquittal on this last charge on grounds that the burglary actually had occurred in Volusia County.
On appeal, a divided Fifth District affirmed en banc, in a five-to-four vote. However, the district court rejected the trial court's analysis and held that no burglary had occurred at all. As grounds, the district court found that the statute requires an intent to commit a crime that can be completed only within the physical confines of the vehicle itself. The district court concluded that none of Stephens' alleged crimes met this description. Stephens, 586 So.2d at 1074-75.
Section 810.02(1), Florida Statutes (1987), provides:
"Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
The opinion below hinged on its construction of the word "therein." In common English usage, "therein" means "[i]n that place." American Heritage Dictionary 1261 (2d ed. 1985).
The use of the word "therein" plainly indicates that the crime of burglary can exist if the defendant formed an intent to commit a crime "in that place." There is no requirement that the crime must be one that can be completed solely within the fixed limits of that particular place, only that the crime is intended to be committed there. This obviously can include an intent to commit car theft, because such a crime can be committed "in that place." Accord People v. Steppan, 105 Ill.2d 310, 85 Ill. Dec. 495, 499, 473 N.E.2d 1300, 1304 (1985). To this extent, we agree with the reasoning of the dissent below. It is irrelevant that the criminal act involved events beyond the interior of the vehicle, e.g., the act of stealing the car itself and driving way.
The district court's reliance on State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979), is misplaced. The Hankins court was addressing the question of whether a burglary of a conveyance occurs simply by stealing a vehicle's hubcaps. Obviously, there was no "entering or remaining in" the conveyance in that instance. The present case clearly is distinguishable, because an entry is properly alleged here.
*1197 We believe the district court's error in this case was based on a misconception of the temporal sequence usually involved in burglaries of conveyances. Such a burglary is complete the moment the defendant enters or remains within the vehicle with the requisite intent. Even if the defendant changes plans and decides not to steal the vehicle, the crime of burglary still would exist. However, if the defendant then takes the additional step of starting the vehicle and driving away with it, the separate crime of auto theft then will be complete. In sum, two separate evils involving two distinct temporal events are involved in the typical auto theft. Nothing in our law prohibits the charging of both offenses merely because both often occur within a single transaction.
The district court found it "bizarre" that two offenses could be charged in cases of this type, even though only auto theft could be charged if the defendant used the precaution of unlawfully towing the car away with a wrecker. Stephens, 586 So.2d at 1075. The district court did not explain why this is bizarre, and we discern no good reason. The act of breaking into a vehicle itself is a separate evil often involving damage to components of that vehicle. Car theft involves the separate evil of depriving an owner of the entire car. We believe the legislature is free to make the latter a separate criminal act if it so chooses.
For the foregoing reasons, the opinion below is quashed, and this cause is remanded for further proceedings consistent with our views here. The certified question is answered in the affirmative, and we confine our review here to the scope of the certified question. The opinion in State v. Dalby, 361 So.2d 215 (Fla. 2d DCA 1978), is approved.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.