711 So.2d 1240 (1998)
STATE of Florida, Appellant,
v.
Anthony L. WORD, Appellee.
No. 97-03500.
District Court of Appeal of Florida, Second District.
May 13, 1998.
*1241 Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Scionti, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellee was charged by two-count information with burglary of a conveyance and grand theft resulting from his arrest for removing the wheels and tires of an automobile from a vehicle owned by Region Auto Sales. Appellee filed a motion to dismiss the burglary charge arguing that the facts failed to constitute a prima facie case of burglary of a conveyance. The trial court agreed and dismissed the charge. Appellee thereafter pleaded nolo to the grand theft charge and was sentenced accordingly. On appeal, the State contends that the trial court erred in dismissing the burglary of a conveyance charge. We agree and reverse.
Burglary is defined as "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain." § 810.02, Fla. Stat. (1995). A "conveyance" is defined as "any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car; and `to enter a conveyance' includes taking apart any portion of the conveyance...." § 810.011(3), Fla. Stat. (1995) (emphasis supplied). Appellee does not dispute that he participated in the disassembly and removal of the wheels and tires of the vehicle. He argues, however, that such act does not constitute the necessary "entry" requirement. We disagree. It is clear from a plain reading of the language of the statute that by removing the wheels and tires of the automobile, appellee entered the vehicle by taking apart a portion of the conveyance. See Braswell v. State, 671 So.2d 228 (Fla. 1st DCA 1996); Zipperer v. State, 481 So.2d 991 (Fla. 5th DCA 1986). Appellee's theft of the wheels and tires removed from the automobile supply sufficient evidence of his intent to commit an offense after entering the automobile by taking apart or removing the wheels and tires. To the extent that State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979) can be read to hold to the contrary, we are in conflict.
Accordingly, we reverse the trial court's dismissal of the burglary charge and remand for further proceedings.
BLUE and NORTHCUTT, JJ., concur.