763 So.2d 1101 (1999)
Adam JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2042.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
Opinion on Motion for Clarification January 2, 2000.
*1102 Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
The issue presented by this appeal is whether the removal of hubcaps and the lug nuts underneath, from the wheels of an automobile, can constitute burglary. Burglary includes "entering ... a conveyance with the intent to commit an offense therein." § 810.02(1), Fla. Stat. (1997). Entering a conveyance "includes taking apart any portion of the conveyance." § 810.011(3), Fla. Stat. (1997). We conclude that this was not a burglary and reverse appellant's conviction.
The state's evidence showed that an officer discovered appellant in a used car lot at midnight removing lug nuts from the wheels of a car which appellant did not own. The hub caps which had covered the lug nuts had been removed and were found in a plastic bag nearby. The hood, trunk, and interior of the car were locked, and there was no evidence of any entry in those areas.
Appellant relies primarily on State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979). In that case, the defendant had removed only the hub caps, and the trial court dismissed the count for burglary of a conveyance. In affirming, the fifth district, after acknowledging that entering includes taking apart any portion of a conveyance, emphasized that there must also be an intent to commit an offense "therein." § 810.02(1). The court held that the removal of the hub caps could not constitute burglary, quoting from State v. Dalby, 361 So.2d 215, 216 (Fla. 2d DCA 1978), in which the second district held that "the offense must be capable of being committed within the vehicle."
In Von Edwards v. State, 377 So.2d 684 (Fla.1979), the defendant argued that the "taking apart any portion of the conveyance" language made the burglary statute unconstitutionally vague because it would be the same as larceny. In rejecting the defendant's argument our supreme court cited Dalby with approval and held that "the legislative intent is that the removal of a portion of the conveyance must be to facilitate the commission of an offense within the conveyance." Id. at 685.
The Hankins court distinguished our decision in Bragg v. State, 371 So.2d 1082, 1083 (Fla. 4th DCA 1979), in which the defendant had opened the hood of a car and removed a battery. In that case we affirmed a burglary conviction, stating:
There is no limitation in either the statutes or in case law indicating that the entering must be into the passenger compartment. There is no distinction between entering the engine compartment, the passenger compartment, or the trunk as far as its being an "entering" as prohibited by the obvious wording of Sections 810.02(1) and 810.011(2), Florida Statutes (1977).
The Hankins court agreed with Bragg.
In R.E.S. v. State, 396 So.2d 1219 (Fla. 1st DCA 1981), the first district held that *1103 syphoning gasoline from an automobile could not constitute burglary, noting that burglary of conveyance cases at that point, "involved the entry into a compartment of a vehicle which can be entered either wholly or partially by a person; e.g., engine and passenger compartments, trunks, etc."[1]
The state relies heavily on State v. Word, 711 So.2d 1240 (Fla. 2d DCA 1998). In that case the second district concluded that the mere removal of the wheels and tires of an automobile can constitute burglary of a conveyance, stating:
It is clear from a plain reading of the language of the statute that by removing the wheels and tires of the automobile, appellee entered the vehicle by taking apart a portion of the conveyance.... Appellee's theft of the wheels and tires removed from the automobile supply sufficient evidence of his intent to commit an offense after entering the automobile by taking apart or removing the wheels and tires. To the extent that State v. Hankins, 376 So.2d 285 (Fla. 5th DCA 1979) can be read to hold to the contrary, we are in conflict.
The Word court did not address its earlier decision in Dalby, 361 So.2d at 216, in which it held that "the offense must be capable of being committed within the vehicle."
We conclude that the removal of a wheel, tire, hub cap, or lug nuts, or any combination of the above, from the outside of a conveyance, cannot constitute burglary. Under those circumstances there is no "intent to commit an offense therein," i.e., within the vehicle. Von Edwards, Hankins and Dalby. We certify conflict with Word. The conviction of burglary is reversed.
FARMER and HAZOURI, JJ., concur.

ON MOTION FOR CLARIFICATION
KLEIN, J.
Appellant has moved for clarification, pointing out that the appellant, in addition to having been convicted of burglary of a conveyance, was also convicted of possession of burglary tools. The only tool in appellant's possession, however, was a lug nut wrench, which was used to remove the lug nuts. Appellant argues, and we agree, that if it is not burglary to remove lug nuts, it follows that the lug nut wrench was not a burglary tool. We therefore clarify that the reversal for judgment of acquittal is on both counts.
FARMER AND HAZOURI, JJ., concur.
NOTES
[1] The first district in R.E.S. relied on Krikland v. State, 142 Fla. 73, 194 So. 624 (1940), in which there was dicta to the effect that syphoning gasoline from an automobile would, at most, constitute petty larceny. At the time Kirkland was decided, however, the statute did not include the "taking apart any portion" language, which was added in 1974. Ch. 74-383, § 30, Laws of Florida.