PER CURIAM.
We have for review Jones v. State, 763 So.2d 1101 (Fla. 4th DCA 1999), wherein the Fourth District certified direct conflict with the decision in State v. Word, 711 So.2d 1240 (Fla. 2d DCA 1998). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. At issue in Jones is whether the removal of hubcaps and lug nuts from the wheels of a vehicle constitutes a burglary. We recently resolved this conflict in Drew v. State, 773 So.2d 46 (Fla.2000), wherein we held that the sole act of removing hubcaps or tires from a motor vehicle does not constitute a burglary. See id. at 46. Moreover, in Drew we expressly relied on the Fourth District’s reasoning in Jones. Accordingly, based on our opinion in Drew, we approve the decision below and hold that the removal of hubcaps or lug nuts *1138 from the tires of an automobile does not constitute a burglary.
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion, in which WELLS, C.J., concurs.