973 So.2d 1254 (2008)
J.J.D., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4155.
District Court of Appeal of Florida, Second District.
February 8, 2008.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Chief Judge.
J.J.D. and a friend entered a house belonging to Jairo Vargas and his wife and took a bank bag containing Mr. Vargas's wallet and other personal effects. In the ensuing delinquency proceeding, the circuit court determined that J.J.D. had committed a burglary. The court withheld adjudication and placed J.J.D. on probation. J.J.D. appeals and challenges the denial of his motion for judgment of dismissal. We reverse.
According to the evidence, at the time of the incident the Vargases' house was vacant. J.J.D. and the other boy were runaways who had been staying in the house without the Vargases' knowledge for several days. One day, while the boys were away from their hideaway, the Vargases came to check on the property. Mr. Vargas left his bag in the house when he and his wife went to dinner; it was gone when they returned.
To prove burglary in this case the State was required to show that J.J.D. entered the dwelling "with the intent to commit an offense therein." § 810.02(1)(b)(1), Fla. Stat. (2005). J.J.D. argues that the State failed to prove his intent to commit an offense in the house and, therefore, the charge should have been reduced to trespass. We agree because there was no evidence that the boys entered the house intending to steal the bag or anything else. In fact, there was no evidence that the boys could have expected to find anything to take upon returning to a house they believed to be vacant.
The supreme court has emphasized that "a proper analysis of the offense of burglary must focus both on the act constituting the entry and the intent to commit an offense therein." Drew v. State, 773 So.2d 46, 52 (Fla.2000). "[C]ourts must be careful not to end the analysis once it is determined that an entry has occurred . . . *1255 [s]uch a limited analysis would render meaningless that portion of the burglary statute requiring an intent to commit an offense within . . . Id. As in R.C. v. State, 793 So.2d 1078 (Fla. 2d DCA 2001), here there was no evidence to support an inference that J.J.D. entered the house for the purpose of committing an offense inside. Nor was there evidence that J.J.D. entered in a stealthy manner and thus triggered the presumption of intent under section 810.07(1) (stating that "proof of the entering of such structure . . . at any time stealthily and without consent of the owner . . . is prima facie evidence of entering with intent to commit an offense"). See J.A.S. v. State, 952 So.2d 638 (Fla. 2d DCA 2007) (concluding that evidence failed, to show the stealth necessary for the statutory presumption).
Still, the evidence was sufficient to support a finding that J.J.D. committed the necessarily lesser included offense of trespass, and he admits as much. Accordingly, we reverse and remand for a reduction of the charge to trespass and for a new disposition hearing.
Reversed and remanded.
KELLY and LaROSE, JJ., Concur.