IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

**FILED**

November 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

**F O R**

**PUBLICATION**

| | | |
|---|---|---|
| STATE OF TENNESSEE, **November 15, 1999** | ) | **F i l e d :** |
| | ) | |
| Appellant, | ) | WARREN CRIMINAL |
| | ) | |
| v. | ) | Hon. Charles Haston, |
| | ) | Judge |
| LAWRENCE RALPH, JR., | ) | |
| | ) | Supreme Court |
| Appellee. | ) | No. M1997-00019-SC-R11-CD |

FOR APPELLANT:

Paul G. Summers
Attorney General & Reporter

Michael E. Moore
Solicitor General

Daryl J. Brand
Associate Solicitor General
Nashville, Tennessee

William M. Locke
District Attorney General
31st Judicial District
McMinnville, Tennessee

Thomas J. Miner
Assistant District Attorney
McMinnville, Tennessee

FOR APPELLEE:

Aubrey L. Harper
McMinnville, Tennessee

# O P I N I O N

JUDGMENT OF COURT OF
CRIMINAL APPEALS REVERSED;
JUDGMENT OF TRIAL COURT REINSTATED.                    DROWOTA, J.

    The sole issue in this appeal is whether the due process analysis delineated

in State v. Anthony, 817 S.W.2d 299 (Tenn. 1991) bars the defendant's separate

convictions for burglary and theft of the same automobile.  The Court of Criminal

Appeals, in a split decision, applied the due process analysis of <u>Anthony</u> and vacated the defendant's burglary conviction on the ground that it was essentially incidental to the theft of the car. One judge dissented and argued that the analysis adopted in <u>Anthony</u> does not apply in the context of this case. For the reasons that follow, we agree with the dissenting judge and hold that the analysis adopted in <u>Anthony</u> does not apply to bar the defendant's separate convictions of burglary and theft. Accordingly, the judgment of the Court of Criminal Appeals vacating the defendant's conviction of burglary is reversed, and the judgment of the trial court is reinstated.

## BACKGROUND

At the time these offenses occurred, the defendant, Lawrence Ralph, Jr., was a resident of McMinnville, Tennessee. His father owned and operated a pool hall on Main Street in McMinnville. Mr. A.P. Ikeard was a patron of the pool hall. At approximately 4 p.m. on November 2, 1994, Mr. Ikeard left the pool hall with a neighbor to look at some dogwood trees. Mr. Ikeard drove his neighbor's car on this outing and parked his own car, a blue 1984 Ford LTD, behind the pool hall. Mr. Ikeard hid the keys to the car under the driver's seat and took with him the distributor wire to prevent anyone from driving the vehicle.

Later that evening, at about 9:30 p.m., a McMinnville police officer began following a blue 1984 Ford LTD after the officer observed the car run a stop sign and make a wide sweeping turn. The erratic driving continued, and when the officer activated his emergency lights, the vehicle sped away and fled at speeds in excess of ninety miles per hour. Eventually, the driver lost control of the vehicle, and the car hit a guardrail and stopped. The officer pulled alongside the car and recognized the defendant as the driver. Seeing the officer, the defendant exited the car, fled on foot, and refused to halt when ordered to do so by the officer. After a chase through the woods, another officer caught up to the defendant but the defendant resisted arrest

and had to be subdued with pepper spray. The officers testified that the defendant smelled of alcohol and was unsteady on his feet when they apprehended him. Six empty beer cans were found in the automobile. The defendant refused to submit to field sobriety tests or a breathalyzer test.

When Mr. Ikeard returned home, having the intention of retrieving his car the next morning, he learned that his car was missing. He immediately reported his car as stolen and denied giving the defendant permission to use the vehicle. Mr. Ikeard testified at trial that his car had been in good condition and was worth approximately $2,500.

The defendant was charged in an eight-count indictment with burglary of an automobile, theft over $1,000, failure to yield to an emergency vehicle, misdemeanor evading arrest, resisting arrest, driving under the influence–seventh offense, driving on a revoked license–third offense, and violation of habitual traffic offender status.[1] Eventually, the State dismissed the charge of third offense driving on a revoked license, and the jury found the defendant guilty of all the other charges.

The trial court approved the jury's verdict and imposed sentences on each of the convictions.[2] Relying upon Anthony, the Court of Criminal Appeals, in a split decision, vacated the burglary conviction on the ground that it was essentially incidental to the theft. Judge Joseph Tipton filed a dissenting opinion and argued

---

[1]Tenn. Code Ann. §§ 39-14-402(a)(4); 39-14-103; 55-8-132; 39-16-603; 39-16-602; 55-50-504; 55-10-616; 55-10-401.

[2]The trial court sentenced the defendant as a Range II, multiple offender, to imprisonment of four years on the burglary conviction, seven years on the theft conviction, and four years on the habitual traffic offender conviction. The defendant was given a sentence of thirty days in county jail for the failure to yield conviction, nine months for the evading arrest conviction, four months for the resisting arrest conviction, and eleven months, twenty-nine days for the driving under the influence conviction, with probation after service of three hundred days. The sentences for theft, failure to yield, and resisting arrest were ordered to run concurrently with each other, but consecutively to the other sentences imposed, all of which were to run consecutively to each other for a total effective sentence of sixteen years and eight months. The trial court also ordered restitution totaling $1,800, fined the defendant $1,100, and prohibited the defendant from driving a motor vehicle in Tennessee for ten years.

that the Anthony analysis does not apply to separate convictions for burglary and theft of an automobile. Thereafter, this Court granted the State's application for permission to appeal to consider whether the Anthony analysis applies to bar separate convictions of burglary and theft of the same automobile.

## DISCUSSION

In State v. Anthony, 817 S.W.2d 299 (Tenn. 1991), this Court heard consolidated appeals to determine "the propriety of a kidnapping conviction where detention of the victim is merely incidental to the commission of another felony, such as robbery or rape." Id. at 300. The defendants in Anthony, and in State v. Martin, the case with which Anthony was consolidated, had been convicted of both aggravated kidnapping and armed robbery. At the outset we recognized in Anthony that "the offenses of robbery and kidnapping have separate elements and that dual convictions, even for conduct arising from the same criminal episode, would not violate double jeopardy." Id. at 301. However, we emphasized that "the conviction and punishment of a defendant for kidnapping, based on facts insufficient to sustain that conviction, would clearly violate the due process guarantees found in both [the federal and state] constitutions." Id. (emphasis added). We pointed out that the potential for obtaining a conviction of kidnapping on facts insufficient to sustain the conviction

> recurs frequently because modern, broadly-drawn kidnapping statutes, like the Tennessee statute in these cases, no longer require common law elements once necessary in kidnapping such as secrecy and asportation. Literally construed, the offense of kidnapping defined in these statutes at times
>
>> . . . could literally overrun several other crimes, notably robbery and rape, and in some circumstances assault, since detention and sometimes confinement, against the will of the victim, frequently accompany these crimes.

Anthony, 817 S.W.2d at 303 (quoting People v. Levy, 204 N.E.2d 842, 844 (N.Y. 1965)). We observed that "every robbery, by definition, involves some detention

-4-

against the will of the victim, if only long enough to take goods or money from the person of the victim," but emphasized that "[t]his does not mean that the legislature intended that every robbery should also constitute a kidnapping, even though a literal reading of the statute might suggest otherwise." Id. at 306. Recognizing that "the courts' task is to apply the [kidnapping] statute narrowly, so as to make its reach fundamentally fair and to protect the due process rights of every citizen," id., we adopted an analysis in Anthony to be utilized to prevent the potential due process problem posed by the breadth of the statutory definition of the offense of kidnapping. Specifically we directed reviewing courts considering the propriety of a kidnapping conviction to inquire "whether the confinement, movement, or detention is essentially incidental to the accompanying felony and is not, therefore, sufficient to support a separate conviction for kidnapping, or whether it is significant enough, in and of itself, to warrant independent prosecution and is, therefore, sufficient to support such a conviction." Id. at 306. We suggested that one method of resolving the second question is to consider "whether the defendant's conduct substantially increased the risk of harm over and above that necessarily present in the crime of robbery itself." Id. (internal quotations and citations omitted).

Utilizing these inquiries, we found in Anthony and Martin that (1) the confinement of the victims did not substantially increase the risk of harm to the victims; (2) the movement was slight, from one room into another; (3) the confinement was brief, five minutes in one case and four minutes in the other case; and (4) the victims were not harmed. Id. at 307. Based upon these findings, we vacated the aggravated kidnapping convictions because they were essentially incidental to the other felony offense for which the defendants had been convicted, armed robbery.

The defendant asserts that the analysis adopted in Anthony is equally applicable to the circumstances of this case because entry into the automobile was in this case merely an essential and incidental step in the theft of the car and the act of entry is not significant enough, in and of itself, to warrant an independent prosecution where the defendant is also convicted of theft. In support of his argument the defendant relies upon the decision of the Court of Criminal Appeals in State v. Roberts, 943 S.W.2d 403 (Tenn. Crim. App. 1996)[3] in which the intermediate court applied Anthony and set aside burglary convictions when the defendant had also been separately convicted for attempted theft.

In contrast, the State argues in this Court that the Anthony analysis does not apply under the circumstances of this case because automobile burglary is not inherent in every automobile theft and, therefore, due process concerns are not implicated. In other words, the State contends that, unlike kidnapping, the offense of burglary is not defined so broadly that it is likely to be inherent in every theft of an automobile. Finally, the State points out that this Court has never extended the analysis adopted in Anthony beyond the kidnapping context. For the reasons that follow, we agree with the State that the analysis adopted in Anthony is not applicable in the context of this case.

Under Tennessee law, "[a] person commits burglary who, without the effective consent of the property owner [e]nters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault." Tenn. Code Ann. § 39-14-402 (a)(4) (1997 Repl.) (emphasis added). "Enter" is defined as an "[i]ntrusion of any part of the body; or [i]nstrusion of any object in physical contact with the body of any object controlled by remote control, electronic or otherwise."

---

[3]Judge Tipton also filed a dissenting opinion in Roberts on the ground that the Anthony analysis does not bar separate convictions of attempted burglary and theft of the same vehicle.

Tenn. Code Ann. § 39-14-402(b) (1997 Repl.). Clearly, under this statutory definition, the crime of burglary is complete when entry has been made into an automobile without the owner's consent and with an intent to commit a felony, theft, or assault. See also State v. Lindsay, 637 S.W.2d 886, 889 (Tenn. Crim. App. 1982). Consummation of the intended felony, theft, or assault is not necessary to complete the crime of burglary. See Duhac v. State, 505 S.W.2d 237, 239 (Tenn. 1973); Mellons v. State, 560 S.W.2d 634, 635 (Tenn. Crim. App. 1977). Burglary is an offense against the security interest in possession of property rather than an offense against the legal title or ownership of the property. See State v. Davis, 613 S.W.2d 218, 220 (Tenn. 1981); Hindman v. State, 215 Tenn. 127, 384 S.W.2d 18, 20 (Tenn. 1964); Hobby v. State, 480 S.W.2d 554, 556 (Tenn. Crim. App. 1972).

In contrast, theft is an offense against the legal title or ownership of the property. In Tennessee, "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103 (1997 Repl.). Therefore, theft does not occur until the defendant obtains or exercises control over the property with the intent to deprive the owner of the property.

After reviewing these statutes, we are convinced that the principles of due process offended in Anthony by the separate convictions of kidnapping and robbery are not offended by separate convictions for burglary and theft in this case. Unlike the kidnapping offense at issue in Anthony, the offenses of burglary and theft are defined narrowly by statute and clearly require proof of different elements. Moreover, unlike Anthony, not every theft of a vehicle includes as a practical matter burglary of that vehicle. For example, a passenger who has the owner's effective consent to be inside an automobile can commit theft without committing burglary by simply driving away in the automobile if the owner leaves the vehicle to buy gasoline

-7-

or food. Moreover, the fact that theft is designated as one of the felonies which will support a conviction for burglary clearly indicates that the General Assembly contemplated separate convictions for burglary and theft. As previously stated, the offenses of burglary and theft clearly are designed to protect differing property interests. This Court has consistently held that when legislative intent is clear, a defendant may be separately convicted of two offenses which arise from one criminal transaction. See State v. Denton, 938 S.W.2d 373, 379 n.14 (Tenn. 1996) (upholding separate convictions for felony murder and underlying felony); State v. Blackburn, 694 S.W.2d 934, 936-37 (Tenn. 1985) (same); Davis, 613 S.W.2d at 221 (upholding separate convictions for burglary with the intent to commit larceny and larceny); compare Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) (discussing the importance of legislative intent in the double jeopardy context). Finally, we note that this Court is required to construe statutes in a reasonable and logical fashion. McClellan v. Board of Regents of State University, 921 S.W.2d 684, 689 (Tenn. 1996). Under the defendant's argument, a person who enters an automobile without the owner's effective consent and steals an item located inside the vehicle could be convicted of both burglary and theft, while a person who enters an automobile unlawfully and steals the entire vehicle could be convicted only of theft. Such a rule is neither reasonable or logical. Accordingly, we decline to adopt the argument advanced by the defendant.

Finally, although not controlling, we note that when faced with this issue, courts in other jurisdictions have upheld against due process challenges separate convictions for burglary and theft. See State v. Brown, 936 P.2d 181 (Ariz. Ct. App. 1997); People v. Teamer, 25 Cal.Rptr.2d 296 (Cal. Ct. App. 1994); State v. Stephens, 601 So.2d 1195 (Fla. 1992); People v. Steppan, 473 N.E.2d 1300 (Ill. 1985); State

v. Hernandez, 865 P.2d 1206 (N.M. Ct. App. 1993).[4] The Florida Supreme Court aptly summarized the rationale supporting these holdings as follows:

> a burglary is complete the moment the defendant enters or remains within the vehicle with the requisite intent. Even if the defendant changes plans and decides not to steal the vehicle, the crime of burglary still would exist. However, if the defendant then takes the additional step of starting the vehicle and driving away with it, the separate crime of auto theft then will be complete. In sum, two separate evils involving two distinct temporal events are involved in the typical auto theft. Nothing in our law prohibits the charging of both offenses merely because both often occur within a single transaction.
>
> . . .The act of breaking into a vehicle itself is a separate evil often involving damage to components of that vehicle. Car theft involves the separate evil of depriving an owner of the entire car. We believe the legislature is free to make the latter a separate criminal act if it so chooses.

Stephens, 601 So.2d at 1197.

We agree with the rationale of the Florida Supreme Court and therefore hold that separate convictions for burglary and theft of the same automobile do not violate due process principles. The State correctly points out that the analysis adopted in Anthony has not been applied by this Court outside the kidnapping context,[5] and we decline to extend its application in this case to separate convictions of burglary and theft.[6]

## CONCLUSION

---

[4]In contrast, we noted in Anthony that "[b]y an overwhelming margin, the majority view in other jurisdictions is that kidnapping statutes do not apply to unlawful confinements or movements incident to the commission of other felonies." 817 S.W.2d at 305.

[5]State v. Barney, 986 S.W.2d 545, 548 (Tenn. 1999) (holding that the "essentially incidental" test developed in Anthony "is not helpful in the context of sexual offenses"); State v. Dixon, 957 S.W.2d 532 (Tenn. 1997) (applying Anthony and upholding a separate conviction for kidnapping for detention that occurred during the course of an aggravated assault and attempted sexual battery); State v. Coleman, 865 S.W.2d 455, 457 (Tenn. 1993) (vacating a conviction for kidnapping under the rule announced in Anthony); compare Denton, 938 S.W.2d at 378 (stating that "[w]hile our decision in Anthony addressed the particularly anomalous nature of the kidnapping statute, it is conceivable that the principle of Anthony could apply to circumstances involving offenses other than kidnapping").

[6]Any decision of the Court of Criminal Appeals holding to the contrary is hereby expressly overruled including Roberts, 943 S.W.2d at 407.

-9-

_____For the reasons stated herein, the judgment of the Court of Criminal Appeals vacating the defendant's conviction for burglary of an automobile is reversed and the judgment of the trial court approving the verdict of the jury is reinstated.

_____
FRANK F. DROWOTA, III,
JUSTICE

**Concur:**
Anderson, C.J.
Birch, Holder, Barker, JJ.