IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Remanded by Supreme Court on February 11, 2002

## STATE OF TENNESSEE v. LAQUENTON MONGER

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 98-01601, 98-01602     John P. Colton, Jr., Judge**

---

**No. W2002-00321-CCA-RM-CD  - Filed June 20, 2002**

---

The appellant, LaQuenton Monger, was convicted by a jury in the Shelby County Criminal Court of one count of first degree felony murder by aggravated child abuse and one count of aggravated child abuse, for which convictions the trial court imposed concurrent sentences of life imprisonment and twenty years imprisonment in the Tennessee Department of Correction. The appellant filed an appeal, and this court reversed the trial court's judgments on August 27, 2001. Specifically, we reversed the judgment in the aggravated child abuse case on the basis that constitutional prohibitions against double jeopardy preclude dual convictions of first degree felony murder by aggravated child abuse and aggravated child abuse. We reversed the judgment in the first degree felony murder case due to the trial court's failure to instruct the jury on lesser-included offenses. In light of these dispositions, the State filed an application for permission to appeal to our supreme court pursuant to Tenn. R. App. P. 11. The supreme court granted the State's application for the sole purpose of remanding the cases to this court for reconsideration in light of its November 29, 2001 opinion in State v. Godsey, 60 S.W.3d 759 (Tenn. 2001). Upon reconsideration, we reinstate the judgment of the trial court in the aggravated child abuse case and leave undisturbed our original disposition of the felony murder case.

**Tenn. R. App. P. 3 Appeal As of Right; Judgments of the Criminal Court are Affirmed in Part and Reversed and Remanded in Part.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Edwin C. Lenow, Memphis, Tennessee, for the appellant, LaQuenton Monger.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Jennifer Nichols, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The facts underlying the appellant's convictions of first degree felony murder by aggravated child abuse and aggravated child abuse are set forth in detail in our original opinion, State v. LaQuenton Monger, No. W2000-00489-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 668, at **1-21 (Jackson, August 27, 2001), and we need not repeat them here. Moreover, the sole issue implicated by our supreme court's decision in State v. Godsey, 60 S.W.3d 759 (Tenn. 2001), is whether constitutional prohibitions against double jeopardy preclude dual convictions of first degree felony murder by aggravated child abuse and aggravated child abuse. In Godsey, 60 S.W.3d at 778, the supreme court examined the same child abuse and neglect, aggravated child abuse, and felony murder statutes at issue in the instant case and, contrary to our original opinion, concluded that "the legislative intent to allow cumulative punishment is clear." As we noted in Monger, No. W2000-00489-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 668, at *25 (citing State v. Ralph, 6 S.W.3d 251, 256 (Tenn. 1999)), "Tennessee courts have consistently held that, 'when legislative intent is clear, a defendant may be separately convicted of two offenses which arise from one criminal transaction.'" Accordingly, we reinstate the appellant's conviction of and sentence for aggravated child abuse and remand the felony murder case to the trial court for a new trial.

_____

NORMA McGEE OGLE, JUDGE