IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2020

**STATE OF TENNESSEE v. CARLTON SMITH**

**Appeal from the Criminal Court for Knox County**
**No. 110984   Bobby R. McGee, Judge**

——————————————————

**No. E2019-01532-CCA-R3-CD**

——————————————————

A Knox County jury convicted the defendant, Carlton Smith, of three counts of burglary and one count each of assault and theft. As a result of his convictions, the trial court sentenced the defendant to 12 years' confinement for each count of burglary and 11 months and 29 days for assault and theft. The trial court merged the three burglary convictions into one count and ordered the defendant's sentences to be served concurrently. On appeal, the defendant challenges the application of the burglary statute, challenges the sufficiency of the evidence supporting his convictions, and claims his misdemeanor convictions for theft and assault should merge into his conviction for burglary. After reviewing the record and considering the applicable law, we affirm the defendant's convictions. However, we conclude the defendant's convictions for assault and theft should be merged with his conviction for burglary and remand the matter to the trial court for entry of amended judgments in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal) and Mitchell T. Harper, Knoxville, Tennessee (at trial), for the appellant, Carlton E. Smith.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme Allen, District Attorney General; and Ta Kisha Fitzgerald and Ashley McDermott, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

## Facts and Procedural History

On April 8, 2017, Ezekiel Martin arrived at work at the Pilot store on Western Avenue ("the store") and was informed by his manager to be on the lookout for the the defendant, who was not allowed inside the store or on store property. Apparently, the defendant had entered the store several days before, and Mr. Martin's manager was concerned the defendant would attempt to enter the store again. The manager also instructed Mr. Martin that should the defendant come into the store to "either just call the cops or try to let [the defendant] leave, because [the defendant is] known to act aggressive."

Around 10:00 p.m., Mr. Martin was collecting and taking out the trash when he saw the defendant enter the store. Mr. Martin returned to the store and informed the manager on duty, Amanda Morris, of the defendant's presence. The two then went into the office to check the surveillance cameras to see if they could locate the defendant. Unable to find him on the cameras, they assumed the defendant was in the restroom.

After being unable to locate the defendant, Mr. Martin resumed his trash duties. As he was gathering the trash from the receptacles directly in front of the store, Mr. Martin heard a commotion inside the store and saw the defendant arguing with other customers about the number of check out lines available. According to Mr. Martin, the defendant was "agitated," "yelling at customers," and "acting aggressive." Mr. Martin entered the store and informed the defendant and other customers there was only one line. As Mr. Martin turned to go back outside, the defendant attempted to leave the store with a bag of peanuts and a cup of ice. Mr. Martin informed the defendant he had to pay for the items before he could leave the store at which time the defendant hit Mr. Martin in the face. In response, Mr. Martin "kicked [the defendant] back into the store, and I pretty much just sat on top of him until the cops got there." According to Mr. Martin, he was warned by another customer, who appeared to know the defendant and called the defendant by name, that the defendant carried a knife and was trying to cut Mr. Martin. Though the defendant was "shoveling in his pocket," Mr. Martin never saw a knife.

Officer David Gerlach with the Knoxville Police Department responded to a call at the Pilot store on Western Avenue. When he arrived, Officer Gerlach found Mr. Martin sitting on top of the defendant. Mr. Martin informed Officer Gerlach the defendant had attempted to shoplift, and when confronted, punched Mr. Martin in the face. Based on that information, Officer Gerlach arrested the defendant. While taking the defendant into custody, Officer Gerlach was informed by several customers that the defendant carried a pocketknife and had tried to reach it when Mr. Martin was holding him on the ground. In searching the defendant, Officer Gerlach found a pocketknife and "a little bit of marijuana and a marijuana roach or marijuana cigarette" on the defendant's person.

- 2 -

In addition to the testimony concerning the events of April 8, 2017, the State also presented the testimony of Jomo Kinch, an assistant manager at the store. According to Mr. Kinch, in 2010 and 2011, the defendant would come into the store every once in a while, and would also stand in front of the store and panhandle. Because panhandling is not allowed on Pilot property, the police were called, the defendant was arrested, and the defendant was informed he was no longer welcome on the property and had been placed on the "trespass list."

Mr. Kinch also testified concerning an incident involving the defendant the week prior to Mr. Martin's encounter with the defendant. According to Mr. Kinch, he was notified by a cashier that the cashier had seen someone stealing. When Mr. Kinch reviewed the surveillance camera footage, he saw it was the defendant who the cashier had seen stealing. When the defendant returned to the store the next day, Mr. Kinch informed him that he had been caught on the surveillance cameras and that he was "not allowed on the lot." Based on these events, the defendant did not have permission to be inside the store on April 8, 2017, nor did he have permission to take any property without paying for it.

At the conclusion of Mr. Kinch's testimony, the State introduced a certified copy of Citation A364902 which stated in part:

> Officer Wagner. On June 25th, 2010, at approximately 2034 hours, the defendant was observed on Pilot property located at 1826 Western Avenue. The defendant had been advised on 5-21-10, by Officer J. Wagner, to not be on the property. This occurred in Knoxville, Knox County. Witness: Officer Greenberg, Wagner.

The back of the citation revealed the defendant pled guilty to criminal trespass and had signed and dated the form on August 17, 2010.

The defendant testified on his own behalf. While the defendant admitted he was cited and pled guilty to trespass in 2010, he did not recall the trial judge's telling him he could not be on the store's property. He also testified that he did not recall Mr. Kinch telling him on April 1, 2017, that he was not allowed on the property.

Concerning the incident on April 8, 2017, the defendant testified he entered the store that day, went to the restroom, washed his hands, got a cup of ice and a bag of peanuts, and then got into line to purchase the items. The defendant claimed there was more than one line, and he had an altercation with another customer about the number of lines and ended up cutting in front of the other customer. When Mr. Martin announced there was only one line, the defendant began arguing with Mr. Martin and ultimately hitting him. Mr. Martin then knocked the defendant to the ground and held him there until the police arrived.

On cross-examination, the defendant admitted he pled guilty to trespass on June 25, 2010, and signed the citation which placed the defendant on notice he was not allowed back in the store. However, the defendant claimed he did not read that portion of the citation. The defendant also denied he attempted to leave the store on April 8, 2017, without paying for the ice and the peanuts. Rather, the defendant claimed he only left the store in order to punch Mr. Martin. The defendant also denied Mr. Kinch accused him of shoplifting or informed him that he could not return to the store. Finally, the defendant acknowledged he had prior convictions for grand larceny in 1981; shoplifting goods not exceeding $200 in 1981; shoplifting goods exceeding $100 in 1983; theft over $1,000 in 2008; simple possession, third offense, a Class E felony, in 2011; and simple possession, third offense in 2013.

Based on the proof presented, the jury found the defendant guilty of three counts of burglary and one count each of assault and theft. This timely appeal followed.

### *Analysis*

On appeal, the defendant argues the evidence was not sufficient to sustain his conviction for burglary. More specifically, the defendant argues there was a "factual dispute" as to whether the defendant was informed either in 2010 as part of pleading guilty to trespass or as recent as the week before the incident that he was not allowed in the store or on the store's property. Furthermore, while conceding he assaulted Mr. Martin, the defendant also insists there is a factual dispute as to whether he intended to leave the store without paying. Additionally, the defendant contends the burglary statute is not applicable to his conduct. Finally, the defendant argues his misdemeanor convictions for theft and assault should be merged with his burglary conviction. The State asserts the evidence is sufficient to sustain the defendant's convictions, and the burglary statute is applicable to the defendant's actions. However, the State concedes the defendant's misdemeanor convictions should merge with his burglary conviction. After our review, we agree with the State.

### I. *Applicability of the Burglary Statute*

Before addressing the sufficiency of the evidence supporting the defendant's convictions, we must first resolve the defendant's claim of whether the burglary statute is applicable to his actions. As part of his sufficiency of the evidence argument, the defendant challenges "whether entering onto retail property generally open to the public, is sufficient to establish the entry of a building without consent element of the burglary statue, when the business has revoked consent for that person to enter that property." In raising this challenge, the defendant acknowledges that, as of the time of his filing his brief, this Court had answered that question contrary to his position and that the issue was pending before

- 4 -

the Tennessee Supreme Court. *See State v. Jason Kane Ivey*, 2018 WL 5279375, at *11 (Tenn. Crim. App. Oct. 23, 2018), *perm. app. denied* (Tenn. Mar. 27, 2020); *State v. Nikia Bowens*, E2017-02075-CCA-R3-CD, 2018 WL 5279374, at *11 (Tenn. Crim. App. Oct. 23, 2018), *perm. app denied* (Tenn. Mar. 26, 2020); and *State v. Abbie Leann Welch*, No. E2018-00240-CCA-R3-CD, 2019 WL 323826, at *4 (Tenn. Crim. App. Jan. 23, 2019), *perm. app. granted* (Tenn. May 17, 2019). Since the filing of the briefs in this matter, our supreme court issued its opinion in *State v. Welch*, 595 S.W.3d 615 (Tenn. 2020), in which the Court concluded,

> our review leads us to conclude that the burglary statute is properly applied to defendants who enter a store without the effective consent of the owner and therein commit a theft, felony, or assault. We hold that Tennessee Code Annotated section 39-14-402(a)(3) is not vague as applied. It is not ambiguous and provides fair warning to individuals who enter a building without the owner's effective consent and commit a felony, theft, or assault. In addition, we find no due process violation in construing Tennessee Code Annotated section 39-14-402(a)(3) to be applicable to buildings open to the public, such as a retail stores, when, as in this case, consent to enter has been expressly revoked.

*Id*. at 629.

Based on our supreme court's opinion in *Welch*, the burglary statute is applicable to the defendant's actions. Thus, the defendant is not entitled to relief on this claim.

II.     *Sufficiency of the Evidence*

When the sufficiency of the evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans*, 838 S.W.2d 185, 190-92 (Tenn. 1992); *State v. Anderson*, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Our Supreme Court has stated the following rationale for this rule:

This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus, the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere, and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523 (Tenn. 1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

As charged in the instant matter, a person commits a burglary when "without the effective consent of the property owner . . . [he] enters a building and commits or attempts to commit a felony, theft or assault." Tenn. Code Ann. § 39-14-402(a)(3). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103. A person commits assault who intentionally, knowingly or recklessly causes bodily injury to another. Tenn. Code Ann. § 39-13-101.

Here, the evidence adduced at trial, viewed in the light most favorable to the State, established that, in 2010, the defendant pled guilty to criminal trespass and was informed he was no longer allowed on the store's property. Then, about a week prior to April 8, 2017, the defendant was informed by Mr. Jomo Kinch, an assistant manager for the store, that he was no longer allowed inside the store or on the store's property. Despite these warnings, on April 8, 2017, the defendant, without the store's consent, entered the store and attempted to leave the store with a cup of ice and a bag of peanuts without paying for the items. Also, when the defendant was confronted by a store employee, Mr. Martin, the defendant hit Mr. Martin in the face. Under these circumstances, we conclude the evidence was sufficient to support the defendant's convictions for burglary, theft, and assault.

While the defendant contends there is a factual dispute as to whether he was informed that he was not allowed in the store and whether he intended to leave the store without paying for the items, the jury, as the trier of fact, is charged with evaluating the credibility of the witnesses, determining the weight given to witnesses' testimony, and reconciling all conflicts in the evidence. *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State*, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). The jury's guilty verdict accredits the testimony of the witnesses for the State and resolves all conflicts

in favor of the theory of the State. *Grace*, 493 S.W.2d at 476. This Court, when considering the sufficiency of the evidence, shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Campbell*, 245 S.W.3d at 335. Accordingly, we affirm the defendant's convictions for burglary, assault, and theft. The defendant is not entitled to relief.

III.    *Merger*

Relying on this Court's opinion *Jason Kane Ivey*, 2018 WL 5279375 (Tenn. Crim. App. Oct. 23, 2018), the defendant contends, and the State agrees, that his misdemeanor convictions for theft and assault should merge with his conviction for burglary because they are not separate offenses but are relied upon to establish the elements of burglary. Upon our review, we agree with the parties and remand the matter for entry of amended judgments in accordance with this opinion.

Under Tennessee Code Annotated section 39-14-402(a)(1)(2) and (4), "the crime of burglary is complete when entry has been made [or the person remains] . . . without the owner's consent and with an intent to commit a felony, theft, or assault." *State v. Ralph*, 6 S.W.3d 251, 255 (Tenn. 1999). "Consummation of the intended felony, theft, or assault is not necessary to complete the crime of burglary." *Id*. Therefore, a conviction of theft does not merge into the burglary conviction under these subsections. However, under Tennessee Code Annotated section 39-14-402(a)(3), the crime of burglary is not complete until the person commits or attempts to commit a felony, theft, or assault. Under a double jeopardy analysis, the statutory violations of theft and burglary in this case arose from the same act or transaction. When the elements of the offenses, theft and burglary under -402(a)(3), are compared in the abstract, the elements of theft are fully contained within the elements of burglary under -402(a)(3). See *State v. Watkins*, 362 S.W.3d 530, 545-46 (Tenn. 2012). Accordingly, double jeopardy considerations required the trial court merge the theft and assault convictions into the burglary conviction. *Jason Kane Ivey*, 2018 WL 5279375, at *2 fn.3. The case is, therefore, remanded for the sole purpose of entering amended judgments consistent with this opinion.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the defendant's conviction for burglary and remand the matter to the trial court for further action consistent with this opinion.

_____

J. ROSS DYER, JUDGE