IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 17, 2019

## STATE OF TENNESSEE v. JAMES RUBA HILL, JR.

**Appeal from the Criminal Court for Knox County
No. 111327  Bob R. McGee, Judge**

_____

**No. E2019-00556-CCA-R3-CD**

_____

A Knox County Criminal Court Jury convicted the Appellant, James Ruba Hill, Jr., of burglary, theft, and evading arrest. The trial court sentenced the Appellant as a career offender to a total effective sentence of twelve years in the Tennessee Department of Correction. On appeal, the Appellant contends that the evidence is insufficient to sustain his burglary conviction and that the theft conviction should be merged into the burglary conviction. Upon review, we conclude the evidence is sufficient to sustain his burglary conviction and remand to the trial court for the theft conviction to be merged into the burglary conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed as Modified; Case Remanded**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal), and Clinton Frazier, Maryville, Tennessee (at trial), for the Appellant, James Ruba Hill, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## I.  Factual Background

The Appellant was charged with burglary by entering a building without the effective consent of the owner and committing a theft, a Class D felony; evading arrest, a Class A misdemeanor; theft by obtaining property valued at $1,000 or less, a Class A misdemeanor; and theft by exercising control over property valued at $1,000 or less, a Class A misdemeanor.

At trial, Edward Merrill testified that in December 2016, he was working as an asset protection associate at the Walmart store on Norris Freeway in Knoxville. He explained that as part of his duties, he walked around the store in plain clothes and looked for customers who were behaving suspiciously or committing theft. His job was to apprehend suspects and recover the merchandise.

Merrill said that on December 16, 2016, he saw the Appellant in the automotive department of the store "acting suspicious[ly]." He was wearing a large, heavy coat and looking around to see if anyone was watching him. Merrill followed the Appellant to the "home lines department" and saw him "ripping open" a package of small tools. Merrill walked past the Appellant, and the Appellant "got right in [Merrill's] face" and said "he was going to beat [Merrill's] ass if [Merrill] kept following him."

Merrill said that to avoid a conflict, he backed away from the Appellant. Merrill called Detective Julie Yates with the Knox County Sheriff's Department and reported that someone in the store was opening and concealing items and had threatened him. Detective Yates responded that the officers would be at the store in a few minutes.

Merrill said that he remained on the telephone with Detective Yates and followed the Appellant from a "safe distance." The Appellant walked to the front of the store and "grabbed a food item, [and a] couple of other items like that." The Appellant eventually walked out of the "grocery exit," and Merrill followed ten to fifteen feet behind him. As the Appellant entered the parking lot, Detective Yates and a few other officers were to his right, "kind of in between both exits" to the store. Detective Yates yelled at the Appellant and identified herself as a police officer. The Appellant turned toward the officers, saw they were approaching him, and fled. The officers chased him through the parking lot and "into a grassy knoll over towards the road," where the officers caught and arrested him.

Merrill said that after the officers arrested the Appellant, they took him to the store's loss prevention office and gave Merrill the merchandise the Appellant had taken. Merrill said that the Appellant had taken cologne, a couple of tools, a ratchet, a wallet, and Mars frozen candy bars. The total value of the stolen items was $43.79.

Merrill said that that Walmart kept a database with information on people who had been caught shoplifting from Walmart. After the Appellant revealed his name, Merrill

searched the database for the Appellant and found that on May 27, 2014, Katelyn Proffitt served the Appellant with "a signed trespass form" and advised him that he was restricted from entering any Walmart property "[f]or life." Specifically, the trespass warrant stated:

> Notification of restriction from property. Walmart can prohibit individuals from entering its property who interfere with its business, shoplift, destroy property or otherwise behave in a manner that is unacceptable to Walmart.
>
> Walmart has determined that you have engaged in conduct sufficient to necessitate limiting your access to Walmart property. This document constitutes formal notice and warning that you are no longer allowed on Walmart property or in any area subject to Walmart's control.
>
> This restriction on entry includes, but is not limited to, all Walmart retail locations. Should you elect to ignore this notice and enter Walmart property, Walmart may contact law enforcement and request that you be charged with criminal trespass.

Merrill said that the store's security cameras recorded the Appellant walking through Walmart. The video was shown to the jury, and Merrill explained to the jury what was happening in the video.

On cross-examination, Merrill acknowledged that he was not present when the original no-trespass form was filled out in May 2014. Merrill further acknowledged that the no-trespass notice warned that if the Appellant ignored the notice, he could be charged with criminal trespass. The notice did not warn that the Appellant could be charged with burglary.

Merrill conceded that Walmart was open to the public during business hours and that the Appellant was in the store during business hours. Merrill said Walmart did not have any technology, such as facial recognition software, that would have alerted him that the Appellant was on Walmart's no-trespassing list and that he did not immediately recognize the Appellant as being on the no-trespassing list.

Julie Yates testified that on December 16, 2016, she was a detective in the retail crime unit of the Knox County Sheriff's Department, and she was part of the holiday retail shopping task force. After she received a call from Merrill about a potential shoplifter, she; her partner, Officer Tim Stidham, and two patrol officers responded to Walmart. En

route, Detective Yates remained in contact with Merrill so she would know the Appellant's whereabouts.

Detective Yates said that when the officers arrived, Merrill advised her that the Appellant was exiting the store, and he gave her a description of what the Appellant was wearing. Detective Yates saw the Appellant walk toward a car in the parking lot. Detective Yates, who was wearing plain clothes, identified herself as a police officer before telling the Appellant to stop. The Appellant ran away, and Detective Yates and Officer Stidham chased him. The officers apprehended the Appellant and brought him back to the store.

Katelyn Capouellez testified that in 2014, before she was married, her name was Katelyn Proffitt, and she worked as an asset protection manager at Walmart on Norris Freeway. She explained that Walmart maintained a database of every person who was "placed on trespass during any shoplifting incidents" and that each store maintained a list of the trespasses which were committed in that particular store.

Capouellez said that on May 27, 2014, she served a trespass notice to the Appellant in the parking lot of the store. Capouellez told the Appellant "he was trespassed from Walmart and Sam's Club worldwide for the rest of his life, can't be back on the property. That includes the parking lot." The Appellant said that he understood.

The defense chose not to call witnesses or present proof. The jury convicted the Appellant of the charged offenses, and the trial court merged the theft offenses. The trial court sentenced the Appellant as a career offender to concurrent sentences of twelve years for the burglary conviction and eleven months and twenty-nine days for the evading arrest conviction and eleven months and twenty-nine days for the theft conviction.

On appeal, the Appellant challenges the sufficiency of the evidence sustaining his burglary conviction and contends that the trial court should have merged his theft conviction with the burglary conviction.

## II. Analysis

### A. Sufficiency of the Evidence

On appeal, a jury conviction removes the presumption of the Appellant's innocence and replaces it with one of guilt, so that the Appellant carries the burden of demonstrating to this court why the evidence will not support the jury's findings. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). The Appellant must establish that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e).

Accordingly, on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. See State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). In other words, questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, and not the appellate courts. See State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

The guilt of a defendant, including any fact required to be proven, may be predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. See State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). Even though convictions may be established by different forms of evidence, the standard of review for the sufficiency of that evidence is the same whether the conviction is based upon direct or circumstantial evidence. See State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011).

On appeal, the Appellant questions "[w]hether the evidence was sufficient to support the convictions beyond a reasonable doubt."[1] Specifically, the Appellant contends that the Appellant entered a retail establishment during business hours when the store was open to the public, which meant he effectively had the consent of the store to enter, and took items from the store; therefore, the Appellant at most committed the offense of shoplifting, but his behavior did not rise to the offense of burglary.

Tennessee Code Annotated section 39-14-402 provides:

> (a) A person commits burglary who, without the effective consent of the property owner:
> . . . .
> (3) Enters a building and commits or attempts to commit a felony, theft or assault; or
> . . . .

The Appellant acknowledges this court has concluded that a burglary conviction may be sustained when a retail business effectively revoked its consent to enter by serving a defendant with a no-trespass order and the defendant subsequently entered the property of the retail business while it was open to the public for business and either had the intent to commit a theft or committed a theft. See State v. Abbie Leann Welch, No. E2018-

---

[1] Although the Appellant states that he is challenging the sufficiency of the evidence sustaining his "convictions," he makes no argument regarding the sufficiency of the evidence sustaining his convictions of theft or evading arrest.

- 5 -

00240-CCA-R3-CD, 2019 WL 323826, at \*2-5 (Tenn. Crim. App. at Knoxville, Jan. 23, 2019), perm. to appeal granted, (Tenn. May 17, 2019); State v. Jason Kane Ivey, No. E2017-02278-CCA-R3-CD, 2018 WL 5279375, at \*5-11 (Tenn. Crim. App. at Knoxville, Oct. 23, 2018), perm. to appeal denied, (Tenn. Mar. 26, 2020); State v. Nikia Bowens, No. E2017-02075-CCA-R3-CD, 2018 WL 5279374, at \*6-11 (Tenn. Crim. App. at Knoxville, Oct. 23, 2018), perm. to appeal denied, (Tenn. Mar. 26, 2020). At the time the Appellant filed his brief, our supreme court had granted permission to appeal in Welch. The Appellant acknowledged that the supreme court's ruling would govern the outcome of his challenge to the burglary conviction.

Since the Appellant's brief was filed, our supreme court released its opinion in State v. Welch, 595 S.W.3d 615 (Tenn. 2020). Our supreme court determined that a defendant who had received a no-trespass form from Walmart "did not have the effective consent of Walmart to enter or remain on its property." Id. at 622. Our supreme court stated:

> In sum, our review leads us to conclude that the burglary statute is properly applied to defendants who enter a store without the effective consent of the owner and therein commit a theft, felony, or assault. We hold that Tennessee Code Annotated section 39-14-402(a)(3) is not vague as applied. It is not ambiguous and provides fair warning to individuals who enter a building without the owner's effective consent and commit a felony, theft, or assault. In addition, we find no due process violation in construing Tennessee Code Annotated section 39-14-402(a)(3) to be applicable to buildings open to the public, such as a retail stores, when, as in this case, consent to enter has been expressly revoked. As aptly stated by the Idaho Supreme Court, "[The defendant] may not like the fact that retail stores are within the ambit of the statute during business hours, but that is a matter within the discretion of the legislature." [State v. Rawlings, 363 P.3d 339, 342 (Idaho 2015)].

Id. at 629-30.

In the instant case, the proof adduced at trial revealed that the Appellant was served with a notice that he was banned from all Walmart properties for life. Afterward, the Appellant entered a Walmart store and was observed taking various items from the store. The Appellant exited the store and fled when confronted by the police. Stolen merchandise discovered in the Appellant's possession was worth approximately forty-three dollars. We conclude that the evidence was sufficient to sustain the Appellant's conviction of burglary.

B. Merger

The Appellant contends that his conviction of theft should merge into his conviction of burglary. The State agrees that the convictions should be merged. In State v. Jason Kane Ivey, No. E2017-02278-CCA-R3-CD, 2018 WL 5279375, at *2 n.3 (Tenn. Crim. App. at Knoxville, Oct. 23, 2018), this court explained:

> Under Tennessee Code Annotated section 39-14-402(a)(1)(2) and (4), "the crime of burglary is complete when entry has been made [or the person remains] . . . without the owner's consent and with an intent to commit a felony, theft, or assault." State v. Ralph, 6 S.W.3d 251, 255 (Tenn. 1999). "Consummation of the intended felony, theft, or assault is not necessary to complete the crime of burglary." Id. Therefore, a conviction of theft does not merge into the burglary conviction under these subsections. However, under Tennessee Code Annotated section 39-14-402(a)(3) the crime of burglary is not complete until the person commits or attempts to commit a felony, theft, or assault. Under a double jeopardy analysis, the statutory violations of theft and burglary in this case arose from the same act or transaction. When the elements of the offenses, theft and burglary under -402(a)(3), are compared in the abstract, the elements of theft are fully contained within the elements of burglary under -402(a)(3). See State v. Watkins, 362 S.W.3d 530, 545-46 (Tenn. 2012).

In the instant case, the jury instructions reveal that the Appellant was charged with burglary under Tennessee Code Annotated section 39-14-402(a)(3). Therefore, we agree with the parties that "double jeopardy considerations require[] the trial court [to] merge the theft conviction[] into the burglary conviction." Id.

### III. Conclusion

In sum, we affirm the Appellant's convictions but remand for the theft conviction to be merged into the burglary conviction.

_____<br>NORMA MCGEE OGLE, JUDGE